# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVINDER S. MANANI,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOHN ASHCROFT, et al.,<br><br>　　　　Respondents.<br>_____/ | CV F   05-00553 REC SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS FOR MOOTNESS<br><br>[Doc. 9] |

　　Petitioner is detained by the Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　Petitioner filed the instant petition for writ of habeas corpus on April 25, 2005. On July 1, 2005, Respondent filed a motion to dismiss the petition on the ground that it is moot in light of Petitioner's release from custody. Petitioner has not filed an opposition.

　　In support of its motion, Respondent has submitted a copy of the Release Notification letter, dated June 29, 2005, indicating that Petitioner has been released from custody. (Exhibit A, attached to Motion.)

　　Because Petitioner is no longer in custody, the case is moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally

cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

Because the instant case is moot, the Court must DISMISS the petition.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss be GRANTED; and

2. The case be dismissed as MOOT.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 10, 2005**             **/s/ Sandra M. Snyder**
icido3                                   UNITED STATES MAGISTRATE JUDGE

2